| | | |
|---|---|---|
| In re: | § § | |
| ROOSTER PETROLEUM<br>　　Debtor | § § § § | Case No. 17-50708<br><br>**CHAPTER 7 CASE** |
| ELIZABETH G. ANDRUS, TRUSTEE | § § | Adversary Proceeding |
| 　　Plaintiff | § § § | |
| V. | § § | Adv. No 19-05063 |
| HARVEY GULF INTERNATIONAL MARINE LLC | § § § § | |
| 　　Defendant | § | |

## ANSWER AND AFFIRMATIVE DEFENSES OF HARVEY GULF INTERNATIONAL MARINE, LLC

NOW INTO COURT, through undersigned counsel comes, Harvey Gulf International Marine, LLC ("Defendant") solely for the purpose of responding to the Complaint filed by Elizabeth G. Andrus, Trustee ("Plaintiff").

1. With respect to the allegations set forth in paragraph 1 of the Complaint, Defendant refers such matters to the Court as questions of law.

2. Defendant admits that this is an action purporting to be brought pursuant to Sections 547 and 550 of the Bankruptcy Code. With respect to all other allegations of paragraph 2 of the Complaint, Defendant refers such matters to the Court as questions of law. However, to the extent that the allegations contained in this paragraph require an answer from the Defendant, the same is denied.

3. With respect to the allegations set forth in paragraph 3 of the Complaint, Defendant refers such matters to the Court as questions of law.

## VENUE

4. With respect to the allegations set forth in paragraph 4 of the Complaint Defendant refers such matters to the Court as questions of law.

## PARTIES

5. The allegations of Paragraph 5 of the Complaint are admitted.

6. The allegations of Paragraph 6 of the Complaint are admitted.

## BACKGROUND FACTS

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. With respect to the allegations of Paragraph 8 of the Complaint, Defendant refers such matters to the Court as questions of law to the Court.

9. With respect to the allegations of Paragraph 9 of the Complaint, Defendant refers such matters to the Court as questions of law to the Court.

10. With respect to the allegations of Paragraph 10 of the Complaint, Defendant refers such matters to the Court as questions of law to the Court.

11. With respect to the allegations of Paragraph 11 of the Complaint, Defendant refers such matters to the Court as questions of law to the Court.

12. Defendant admits that this is an action purporting to be brought pursuant to Sections 547, 548 and 550 of the Bankruptcy Code. With respect to all other allegations of paragraph 12 of the Complaint, Defendant refers such matters to the Court as questions of law.

However, to the extent that the allegations contained in this paragraph require an answer from the Defendant, the same is denied.

13. The allegations of Paragraph 13 of the Complaint are denied.

14. Defendant admits that the Debtor utilized certain of Defendant's services and materials, but the remaining allegations of Paragraph 14 of Complaint are denied.

15. The allegations of Paragraph 15 of the Complaint are denied.

16. With respect to all other allegations of paragraph 16 of the Complaint, Defendant refers such matters to the Court as questions of law. However, to the extent that the allegations contained in this paragraph require an answer from the Defendant, the same are denied.

17. Defendant admits that it received payments in the amount of $449,524.75. However, the remaining allegations of Paragraph 17 of the Complaint are denied.

18. The allegations of Paragraph 18 of the Complaint are denied.

## COUNT I — TO AVOID PREFERENTIAL TRANSFERS
## PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

19. Defendant repeats, reavers and restates each and every response, defense, answer and/or objection contained in Paragraphs 1 through 18 as if fully set forth therein.

20. With respect to the allegations set forth in paragraph 20 of the Complaint, Defendant refers such matters to the Court as questions of law to the Court. However, to the extent that the allegations contained in this paragraph require an answer from the Defendant, the same are denied.

21. The allegations of Paragraph 21 of the Complaint are denied.

22. There is no Paragraph 22 of the Complaint.

23. The allegations of Paragraph 23 of the Complaint are denied.

24. The allegations of Paragraph 24 of the Complaint are denied.

## COUNT II — DISALLOWANCE OF CLAIMS

## PURSUANT TO SECTIONS 502(d) OF THE BANKRUPTCY CODE

25. Defendant repeats, reavers and restates each and every response, defense, answer and/or objection contained in Paragraphs 1 through 24 as if fully set forth therein. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 as if fully set forth herein. With respect to the allegations set forth in paragraph 25 of the Complaint, Defendant refers such matters to the Court as questions of law. To the extent a response is required, Defendant denies the allegations set forth in paragraph 25.

26. With respect to the allegations set forth in paragraph 26 of the Complaint, Defendant refers such matters to the Court as questions of law. To the extent a response is required, Defendant denies the allegations set forth in paragraph 26.

## RELIEF REQUESTED

27. With respect to the allegations set forth in paragraph 27 of the Complaint, Defendant refers such matters to the Court as questions of law. To the extent a response is required, Defendant denies the allegations set forth in paragraph 27.

28. With respect to the allegations set forth in paragraph 28 of the Complaint, Defendant refers such matters to the Court as questions of law. To the extent a response is required, Defendant denies the allegations set forth in paragraph 28.

29. With respect to the allegations set forth in paragraph 29 of the Complaint, Defendant refers such matters to the Court as questions of law. To the extent a response is required, Defendant denies the allegations set forth in paragraph 29.

30. Defendant denies each and every allegation and claim set forth in the "Prayer for

Relief".

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming any burden of proof on issues where Plaintiff bears such burden:

### FIRST AFFIRMATIVE DEFENSE

1. Defendant is not liable to the Debtors under 11 U.S.C. § 547 as the alleged transfer was made in the ordinary course of business or financial affairs of the Debtor and Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant is not liable to the Debtors under 11 U.S.C. § 547 as the alleged transfer prevented the fixing of a statutory lien that is not voidable under Section 545 of the Bankruptcy Code.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant is not liable to the Debtors under 11 U.S.C. § 547 as the Debtors received subsequent new value from the Defendant after said alleged transfers.

### FOURTH AFFIRMATIVE DEFENSE

4. The Plaintiff has failed to carry its burden to prove a claim under 11 U.S.C. § 547.

### FIFTH AFFIRMATIVE DEFENSE

5. The Plaintiff is not entitled to recovery under 11 U.S.C. §§ 547-549, thus the Plaintiff may not hold the Defendant liable pursuant to Bankruptcy Code §550, 11 U.S.C. § 550.

### SIXTH AFFIRMATIVE DEFENSE

6. The Plaintiff is not entitled to recovery under 11 U.S.C. §§ 547-550, thus the Debtor may not disallow any claims of the Defendant pursuant to Bankruptcy Code §502, 11

U.S.C. § 502.

## SEVENTH AFFIRMATIVE DEFENSE

7. To the extent the Debtor was solvent when the alleged transfers were made or did not become insolvent as a result of the alleged transfers, the Plaintiff may not avoid the alleged transfer to the Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

8. The Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefited the Debtors and were affirmed and completed with the Debtors' knowledge, agreement or acquiescence.

## NINETH AFFIRMATIVE DEFENSE

9. To the extent Defendant has a scheduled claim, filed a valid proof of claim against the Debtors, recognized as an allowed secured claim pursuant to a confirmed plan of reorganization, the Plaintiff may not avoid the alleged transfer to the Defendant, and Defendant expressly reserves its rights to set-off any of Defendant's claims against the alleged transfer.

## TENTHTH AFFIRMATIVE DEFENSE

10. The Complaint fails to state a claim upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff is barred from recovery by reason of the Debtors' and/or Plaintiff's own conduct or the conduct of persons or entities whose conduct is otherwise imputed to the Debtors' and/or Plaintiff.

## TWELVETH AFFIRMATIVE DEFENSE

12. Defendant's was owed pre-petition sums which constituted secured claims entitling

Defendant to full payment in the event of a liquidation and further entitled pursuant to applicable law a statutory lien which was exchanged for and released in lieu of payment.

### THIRTEETH AFFIRMATIVE DEFENSE

13. The alleged transfers were made in good faith for reasonably equivalent value.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The Complaint is barred by the doctrines of waiver, equitable estoppel, claim preclusion, issue preclusion, law of the case, estoppel, res judicata and laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The alleged transfers were not made for or on account of an antecedent debt owed by the Debtor(s) on or before the date such transfers were made and as a result Plaintiff has not met the elements under 11 U.S.C. §547(b)(2).

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendant reserves the right to file additional, amended and/or supplemental Answers, Third-Party Complaints, Crossclaims and/or Counterclaims additional affirmative defenses upon further discovery of same.

**WHEREFORE**, Defendant respectfully requests (A) judgment dismissing the Plaintiff's Complaint with prejudice and with costs and attorney fees awarded to the extent available; and (B) upon trial of this matter, judgment denying all relief requested by the Plaintiff and such other and further relief as this Court deems just and equitable.

**Respectively Submitted:**

                                            **ADAMS AND REESE LLP**

                                            */s/Robin B. Cheatham*
                                            Robin B. Cheatham #4004
                                            Scott R. Cheatham #31658
                                            701 Poydras Street, Suite 4500
                                            New Orleans, Louisiana 70139
                                            Telephone: (504) 581-3234
                                            Facsimile: (504) 566-0210

                                            ***Attorneys for Harvey Gulf International Marine LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Answer and Affirmative Defenses has been served upon counsel for the Plaintiff:

Mr. Patrick L. McCune
WIENER, WEISS & MADISON, APC
P. O. Box 21990
Shreveport, Louisiana 71120-1990

via the courts CM/ECF electronic filing system on this 15th day of July 2019.

                                            /s/ Robin B. Cheatham
                                            Robin B. Cheatham